Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> JESSE DITTMAR, </br></br> Defendant. | ) </br> ) CAUSE NO. CR20-121 RSM </br> ) </br> ) </br> ) ORDER RE: JOINT MOTION TO STRIKE </br> ) OR CONTINUE THE CURRENT MOTION </br> ) DEADLINE AND TRIAL DATE </br> ) </br> ) </br> ) </br> ) |

**Introduction**

The United States and the Defendant, through counsel, filed a joint motion to strike or continue the trial date of October 19, 2020 and the pre-trial motions deadline of September 10, 2020. In the event the Court chooses to strike the trial date and stay the proceedings, the parties jointly request that a status conference be scheduled. The parties propose a status conference late in the fall of 2020 or a trial date in January or February 2021, with a motions deadline three to four weeks before the trial date.

The parties agree there are compelling reasons to grant either motion in light of 1) the COVID-19 pandemic, its impact on the safety of the Court, the parties and prospective jurors,

ORDER RE: JOINT MOTION TO STRIKE
OR CONTINUE THE CURRENT MOTION
DEADLINE AND TRIAL DATE, Page 1

as well as the respective investigations and preparation by the parties and 2) the complexity of the factual investigation and preparation needed to prepare this case for trial. The parties further agree that the failure to provide the relief sought under either part of the motion would result in a miscarriage of justice.

Mr. Dittmar agrees to extend the speedy trial deadline as needed to accommodate the relief requested in either part of the motion.

## General Findings

A grand jury returned a one-count indictment on August 12, 2020, charging the defendant with distribution of fentanyl and acetyl fentanyl, in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(C). Dkt. No. 22. A complaint had been filed on January 10, 2020. Dkt. No. 1. Mr. Dittmar was arrested in the Eastern District of Pennsylvania on January 15, 2020 and released on bond by a magistrate judge in that district on January 16, 2020. He voluntarily traveled to Seattle for his initial appearance in the Western District of Washington, which took place on January 31, 2020. He was again released on bond. Dkt. No. 6.

Because of the pandemic, the time within which to file an indictment was extended multiple times by agreement or without objection by Mr. Dittmar. See Dkt. Nos. 8, 9, 10, 11, 21, 14, 15, 16, 17, 18, and 21. During most of the eight months between his arrest and indictment, Mr. Dittmar resided in Philadelphia and was supervised without issue by a pretrial services officer in the Eastern District of Pennsylvania. He moved to Bremerton shortly before his indictment and has been supervised in this district, again without incident. Before his arraignment, an order was entered continuing his release status on bond. Dkt. No. 24.

At the arraignment on August 20, 2020, the trial in this matter was set for October 19,

2020, with the motions deadline on September 10, 2020. Dkt. No. 27.

**Findings Re: Impact of Covid-19 Pandemic**

On the afternoon of March 6, 2020, the United States District Court for the Western District of Washington issued General Order 01-20 to address the impact of the spread of Coronavirus Disease 2019 (COVID-19) within this District. Among other things, the Order continued civil and criminal matters including trials. General Order 01-20 stated that interim guidance from the Centers for Disease Control and Prevention (CDC) and the recommendations from the Departments of Public Health for Seattle and King County all suggest that individuals at higher risk—including individuals with underlying health conditions, individuals age 60 and older, and individuals who are pregnant—avoid large groups of people. Further, the CDC and other public health authorities, recommend stringent social distancing measures such as leaving at least six feet between people, wearing face masks or shields, and continuing to encourage any vulnerable individual to avoid public spaces. Consistent with those recommendations, the Court's General Orders have directed the continuance of in-person court proceedings, including trials.

On May 13, 2020, the Court issued General Order 08-20 which suspended all jury proceedings in this District until August 3, 2020. As with the earlier orders, this General Order was based on the outbreak of COVID-19, throughout the United States and, in particular, in the Western District of Washington, and was directed at complying with health directives aimed at stopping the spread of the virus. On July 30, 2020, General Order 11-20 was issued, and as with General Order 08-20, jury proceedings in this District are suspended until September 8, 2020 in light on the ongoing COVID-19 pandemic and the need to comply with health directives aimed at stopping the spread of the virus. The Court's General Orders

acknowledge the extreme difficulty of impaneling jurors in sufficient numbers to conduct jury trials during the current pandemic. And specifically, General Order 11-20 states that individual judges may schedule "a very limited number of in-person hearings and bench trials by issuing orders on a case-by-case basis so long as such orders address the above public health concerns.   On September 4, 2020, General Order 13-20 became effective, and ordered that, because of the continuing unacceptable risk of infection in Western Washington, "the procedures established by General Orders 02-20 and 03-20 will be continued until October 5, 2020. All District Court civil and criminal in-person hearings and trials in these Courthouses scheduled to occur before October 5, 2020, are continued pending a future general order from this Court."

## Findings Re: Discovery and Trial Preparation

The government has produced substantial pre-indictment discovery, including data from phones and email, messaging and social media accounts. To date, 53,803 digital files amounting to 24.5 GB have been produced, including over 3,500 pages of PDFs and JPGs. Additional discovery is likely to be forthcoming.  While the production of pre-indictment discovery has been helpful to the defense, the work necessary to prepare a case involving such a substantial amount of digital discovery for trial within the current motions deadline and trial date is not possible for either party, and, for the defense, would with high certainty result in violations of the right to effective assistance of counsel.

Moreover, the parties have signed a protective agreement that prohibits the defendant from having discovery designated "protected", which has made it very difficult for him to review the discovery.  Even before the pandemic struck, he lived in Philadelphia and could not easily meet with defense counsel to review the discovery.  Certainly, the pandemic has

continued to make such meetings difficult now that he is residing in the Western District of Washington.

### Conclusions and Order

For the foregoing reasons, the failure to grant a stay or a continuance would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7) (B)(I), (ii), (iv).

A trial date cannot realistically be set until more is known regarding the pandemic and the means to ensure the safety of the parties, counsel and jurors. Striking the trial date and setting a status conference late in the fall, at which time the parties and the court could assess the available data about the timing of the full re-opening of the court, is the preferable solution to this problem. It is therefore ordered that the current trial date of October 19, 2020 is STRICKEN and that a status hearing shall be held telephonically on November 19, 2020 at 10:00 a.m., at which the time the parties should be prepared to discuss whether and when a trial date might be set.

The period from the date of the Court's order, if granted, to the date of the status conference or a new trial date shall be an excludable period of time pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B).

Dated this 9th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

///

///

Presented by:

*/s/ Lyndsie Schmalz*
Lyndsie Schmalz, Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Lyndsie.Schmalz@usdoj.gov

*/s/ Michael P. Iaria*
Michael P. Iaria,
Attorney for Jesse Dittmar
1000 2nd Avenue Suite 3140
Seattle, Washington 98104-1046
mpi@iaria-law.com